H. G. WARNER, W. P. DODGE AND C. R. DUNBAR, AS TRUS-
TEES OF THE PURITY SPRINGS WATER COMPANY, A TRUST
ASSOCIATION, *Plaintiff in Error*, v. CHARLES E. GODING,
*Defendant in Error.*

En Banc.

Opinion Filed February 6, 1926.

*Sparkman* and *Knight,* Attorneys for Plaintiff in error;

*Wm. H. Jackson* and *Peyton T. Gordan,* Attorneys for Defendant in Error.

TERRELL, J.—Charles E. Goding brought an action against H. G. Warner, C. R. Dunbar and H. P. Dodge as Trustees of the Purity Springs Water Company, a trust association, to recover damages for personal injuries resulting from having been run over by a truck belonging to and being at the time of the accident driven by an employee servant of defendants. To the amended declaration, defendants entered the pleas of the general issue and contributory negligence, on which trial was had resulting in a verdict and judgment for the plaintiff in the sum of four thousand dollars ($4,000.00). Defendants took writ of error to this judgment.

Assignments of error one to eight inclusive challenge the sufficiency of the amended declaration as amended to state a cause of action against the defendants.

By repeated decisions of this court the test of the sufficiency of a declaration is whether or not it alleges distinctly every fact essential to the plaintiff's right of action, such facts to be characterized by certainty, clearness and conciseness, that the material issue or issues may be determined quickly and with certainty and that the defendant may be apprised of the charge or charges against him with that degree of clearness and definiteness as will enable him to prepare his defense properly. Milligan v. Keyser, 52 Fla. 331, 42 South. Rep. 367; Royal Phosphate

Co. v. Van Ness, 53 Fla. 135, 43 South. Rep. 916; Kirton v. Atlantic Coast Line R. Co., 57 Fla. 79, 49 South. Rep. 1024; Sovereign Camp of W. O. W. v. McDonald, 76 Fla. 599, 80 South. Rep. 566; Florida 5ast Coast R. Co. v. Knowles, 68 Fla. 408, 67 South. Rep. 122; Seaboard Air Line Ry. v. Rentz & Little, 60 Fla. 429, 54 South. Rep. 13.

It is also well settled that plaintiff's right of recovery is confined to the cause of action stated in his declaration and if he fails on the ground so stated he cannot be permitted to prove and recover on any ground not stated or alleged. Louisville & N. R. Co. v. Guyton, 47 Fla. 188, 36 South. Rep. 84; Hollingsworth v. Norris, 77 Fla. 498, 81 South. Rep. 782. It cannot be said that the declaration conforms in all respects to the rules of good pleading yet it is not so delinquent in its material prerequisite as to warrant us in holding it bad.

The ninth to twenty-eighth assignment of error inclusive relate to the admission or rejection of testimony, but since the cause must be reversed on other grounds, a discussion of these assignments will serve no useful purpose here.

The twenty-ninth assignment of error is grounded on the refusal of the trial court to grant the motion of defendants for an instructed verdict made at the conclusion of all the testimony and based on the lack of sufficient lawful evidence to support a verdict for the plaintiff.

Defendant in error contends that this assignment cannot be considered at this time because it involves the consideration of the sufficiency of the evidence to support the verdict and that the motion for new trial having been stricken, the sufficiency of the evidence to support the verdict cannot now be considered. The record shows that the verdict was returned January 3rd, 1924, and that on January 5th, 1924, defendants were granted fifteen days

from the date of rendition of the verdict to file and present their motion for a new trial. The motion for new trial was not filed till January 19th, 1924, sixteen days from the rendition of the verdict. In this state of the record, under Section 2811, Revised General Statutes of Florida, there was no legal motion for a new trial for the court to consider, so the motion to strike was properly granted. DeSoto Holding Co. v. Boyer, 85 Fla. 517, 97 South. Rep. 205.

The motion for new trial having been stricken, can the legal sufficiency of the evidence to support the verdict be now considered on the denial of the motion for an instructed verdict, the denial of said motion having been assigned as error and argued here? The answer to this question is determinative of whether or not the real issue in the cause can be reached.

Early in the history of the common law the verdict of a jury was regarded as conclusive, and new trials were not granted. A party injured by an unjust verdict might seek his remedy by suit in equity, writ of attaint against the jury, or by writ of venire *de novo*. Owing to the failure to report decisions relating to motions, the exact time when the practice of granting new trials under the common law had its origin is uncertain, but in the first reported case, Wood v. Gunston, Style, 466, decided 1665, the practice of granting new trials was said to be frequent. Wood v. Gunston was a case in which a new trial was granted for partiality of the jury in awarding excessive damages for libel, wherein Glynn, C. J., made the following comment:

"It is in the discretion of the court in some cases to grant a new trial, and this must be a judicial and not an arbitrary discretion; and it

> is frequent in our books for the court to take
> notice of miscarriages of juries, and to grant new
> trials upon them. And it is for the people's bene-
> fit that it should be so, for a jury may sometimes,
> by indirect dealings, be moved to side with one
> party, and not to be indifferent betwixt them;
> but it cannot be so intended of the court.''

Prior to the practice of granting new trials the writ of attaint against the jury was the most common means of reversing an unwarranted verdict and the hardships attending the writ of attaint seem to have led the courts first to modify verdicts and then to grant new trials. 14 Ency. Pl. & Pr. 717 and 718.

A new trial is a re-examination of an issue of fact by the same court. It is generally a retrial of the issue by another jury, but they may be tried again by the court or referee as on the first trial. 20 R. C. L. 217; 14 Ency. Pl. & Pr. 715. A new trial is not a matter of right in this State, but is addressed to the sound legal discretion of the trial court and should be granted only when substantial rights have been so violated as to make it reasonably clear that a fair trial was not had. For the purpose of such showing there is no limit to the number or character of the grounds that may be presented and urged in support of said motion. Carter v. Bennett, 4 Fla. 282; Moses v. Gilchrist, 14 Fla. 325; Jones v. Jacksonville Electric Co., 56 Fla. 452, 47 South. Rep. 1; Bishop v. Taylor, 41 Fla. 77, 25 South. Rep. 287; Ruff v. Georgia, S. & F. R. Co., 67 Fla. 224, 64 South. Rep. 782.

Under our law a motion for new trial in civil cause must be made within four days after the rendition of the verdict and during the same term, but for good cause shown the judge may within such term and four days extend the

time for making and presenting such motions not to exceed fifteen days from the rendition of the verdict. It is also required that in cases of extension copy of the motion and three days' notice of the time and place of presentation shall be served on the opposing party or his attorney. Motion for new trial need not embrace matter *in pais* previously excepted to for the purpose of having the same reviewed by the appellate court. Section 2811, Rev. Gen. Stats. of Fla.

A motion for new trial is not a waiver of exceptions, and if for any reason such motion cannot be considered in this court and the exceptions taken during the trial are properly embodied in the record, we can review the ruling of the Circuit Court in this respect. Dupuis.v. Thompson, 16 Fla. 69; Garner v. State, 28 Fla. 113, 9 South. Rep. 835; Parrish v. Pensacola & A. R. Co., 28 Fla. 251, 9 South. Rep. 696. The primary purpose of a motion for new trial under our practice is to test the sufficiency of all the evidence to sustain the verdict, though any portion of the evidence of a material witness may be reviewed by this court if such evidence was duly excepted to at the trial or hearing in the absence of a motion for a new trial. Osceola Fertilizer Co. v. Beville, 86 Fla. 479, 98 South. Rep. 354.

In the case at bar the motion for new trial having been properly stricken cannot be reviewed by this Court, but the verdict denying the motion for an instructed verdict was duly excepted to, the exception was properly embodied in the record, was assigned as error and argued here, and we think such order may therefore in the light of the foregoing authorities be properly reviewed by us. Dupuis v. Thompson, *supra*.

The motion for an instructed verdict was grounded on the legal sufficiency of the evidence to support a verdict for the plaintiff. It is contended by plaintiffs in error,

defendants below, that the evidence is legally insufficient, in that it does not show that at the time of the accident resulting in the injury to the defendant in error the driver of the truck was acting within the scope of his employment and about his master's business. Defendant in error contends that such showing is not necessary, and rests his contention on Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 South. Rep. 629. The majority opinion in Southern Cotton Oil Co. v. Anderson, has been interpreted by some as a departure from or modification of the doctrine of Respondeat Superior by this court, but it was not so intended. Southern Cotton Oil Co. v. Anderson, turned on the undisputed proof of the following statement of facts in Anderson v. Southern Cotton Oil Co., 73 Fla. 432, 74 South. Rep. 975:

"It appears that the Southern Cotton Oil Co. owned the automobile and authorized its daily use by the driver, who was the cashier of the company, in going to and from between the company's milling plant in the suburbs of Pensacola, Florida, and the business center of the city, to transact the business of the company, and incidentally the driver to get his dinner. The driver had, while in the city during the noon hour, frequently used the automobile in taking a young lady to her place of business from her home several blocks away from the direct route to the plant. This was known to the managing officer of the company, and not objected to by him. The young lady did not work for the defendant. On the day of the accident the driver, while in the city, as he had frequently done, drove to the young lady's home to take her to her office.

"Upon arriving at her home he was requested to go to a nearby residence for her rain coat. While going for the rain coat, the injury occurred by a collision in the street."

These facts show conclusively that the driver who was the agent of the Southern Cotton Oil Company had what might be termed general authority to use the automobile of the company and that he frequently in the use of said automobile departed from the business of the company and went on independent or personal errands, all of which was known to and acquiesced in by the managing officer of the company. Proof of these facts actuated the court in its decision in Southern Cotton Oil Co. v. Anderson, 80 Fla. 441, 86 South. Rep. 629, *supra*, and any consideration of this opinion must contemplate these facts.

On proof of the foregoing facts in Anderson v. Southern Cotton Oil Company, 73 Fla. 432, 74 South. Rep. 975, being submitted, this court held that when different conclusions may fairly be drawn from the evidence as to whether the employee driver of the automobile was acting within the express or implied authority of the defendant employer at the time the employee's alleged negligence caused the injury complained of, the evidence should be submitted to the jury under appropriate instructions. This court in other words held that the deviation from the express or well implied authority of the master on the part of the servant, "while going for the rain coat" as shown by the record in Anderson v. Southern Cotton Oil Co., *supra,* was so slight that it was a question for the jury to determine under appropriate instructions whether or not said deviation amounted to such a departure as to remove it from what the master knew to exist and had frequently assented to. The jury found the deviation to be within

the express or implied authority of the master, hence his liability.

In the case at bar no such facts or proof thereof is shown to exist. The evidence in the instant case shows that the accident in which defendant in error was injured and which is the basis of this action took place about twelve o'clock at night, March 17th, 1922, and that the truck which ran over him (defendant in error) causing the injury, was owned by plaintiffs in error and was at the time of the accident in charge of and was being driven by their servant or employee. The evidence further shows, however, that at the time of the accident complained of the truck was not on the business of the plaintiffs in error, nor was it out with the permission, knowledge or consent, express or implied, of any of them; that it was positively against their rules for any employee of the plaintiffs in error to have said truck out except on their business; that at the time of the accident it was being used for a ''straw ride'' without their knowledge or consent, and against their rules which were known to the servant in charge of the truck.

There is some evidence tending to show that on former occasions the servant in charge of the truck had carried it home with him for the purpose of putting it under a shelter rather than leave it on the street at the place of business of plaintiffs in error, such occasions being when it came in late after everything had closed for the day, but it is also shown that on these occasions any use of it was positively forbidden by the owners, plaintiffs in error.

In this state of the evidence the injury to defendant in error could not be said to have been caused by the servant of plaintiffs in error when acting within the scope of his employment, but was caused at a time when the servant was engaged in an act beyond the scope of his employment

and without the knowledge, acquiescence or consent of the master either express or implied. The master is not therefore liable, the motion for an instructed verdict should have been granted so the judgment below is reversed. Eppinger & Russell Co. v. Trembly, decided June Term, 1925; White v. Holmes, Fla. —, 103 South. Rep. 623; Pemberton v. Morris Fertilizer Co., 287 Fed. Rep. 517.

Reversed.

Brown, C. J., and Whitfield, Ellis, Strum and Buford, J. J., concur.