(118 So. 504)

**JACKSON v. DE BARDELABEN. (3 Div. 584.)**

Court of Appeals of Alabama. Nov. 8, 1928.

A. S. Johnson, of Thomasville, and F. E. Poole, of Grove Hill, for appellant.

R. L. Goldsmith, of Hayneville, for appellee.

SAMFORD, J. The defendant was the owner of an automobile in which he carried passengers for hire. He employed one Connie Jackson to drive this car from Thomasville to Selma and return, carrying on this trip three passengers. Defendant's instructions to Connie Jackson were that he was to drive the car to Selma and return, and not elsewhere. In violation of these instructions, Connie drove the car beyond Selma and on towards Montgomery. When he reached a point on the highway in Lowndes county where the Lownesboro road crosses the Jackson Highway, Connie ran defendant's car into the car of plaintiff, and injured it in the manner described in the complaint.

There can be little doubt from the evidence that Connie, the driver of defendant's car, was guilty of negligence at the time of the collision, and that that negligence was the proximate cause of plaintiff's injury. It is also reasonably clear that the question of plaintiff's contributory negligence was one of fact for the jury.

The determination of this appeal, however, turns on the doctrine of "respondeat superior."

The plaintiff having offered evidence tending to prove that Connie Jackson was employed by defendant for the special purpose of operating the automobile which struck plaintiff's car, and that, at the time of the collision, Connie was driving the car, there was a presumption arising sufficient to shift the burden of proof from plaintiff to defendant that he was operating the automobile in the service of defendant. Such presumption of fact as is herein declared is indulged mainly for the purpose of putting the defendant to proof that Connie was not acting within the scope of his employment at the time of the collision complained of. Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40; L. & N. Ry. v. Marbury Lumber Co., 125 Ala. 237, 28 So. 438, 50 L. R. A. 620; Roman v. Lentz, 177 Ala. 64, 58 So. 438.

The presumption referred to in the foregoing paragraph, being a presumption of fact from which an inference may be drawn, is rebuttable, and may be overcome by evidence clearly showing that the driver of the car was acting, without the line and scope of his employment, to accomplish some purpose of his own having no relation to the business of the master. Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40.

In the instant case the evidence was positive and undisputed that Connie was employed and instructed to drive the car with its passengers to Selma and return, and nowhere else; that, in violation of his employment and instructions, he drove the car on towards Montgomery past Selma, and, after proceeding some 20 miles beyond Selma, he negligently struck plaintiff's car. Under the authorities the defendant is not liable, and the court erred in refusing to give at his request the general affirmative charge. Dowdell v. Beasley, 17 Ala. App. 100, 82 So. 40; Id., 205 Ala. 130, 87 So. 18; Ala. Power Co. v. Watts (Ala. Sup.) 117 So. 425; Patterson v. Milligan, 12 Ala. App. 324, 66 So. 914; Tullis v. Blue, 216 Ala. 577, 114 So. 185; Ritchie v. Waller, 63 Conn. 155, 28 A. 29, 27 L. R. A. 161, 38 Am. St. Rep. 361; Standard Oil Co. v. Douglass, 18 Ala. App. 626, 93 So. 286.

From all the cases which we have seen, both in this state and other jurisdictions, the rule seems fairly well settled that:

"In cases where the deviation is slight and not unusual the court may as matter of law determine that the servant was still about his master's business. So too, where the deviation is very marked and unusual, the court in like manner may determine that the servant was not on the master's business, but on his own."

The judgment is reversed, and the cause is remanded.

Reversed and remanded.