**Edwin A. KUNKLER and Evelyn Kunkler, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 728.**

United States District Court
N. D. Florida,
Tallahassee Division.

Oct. 19, 1960.

Wilfred C. Varn, U. S. Atty., and Edward L. Stahley, Asst. U. S. Atty., Northern District of Florida, Tallahassee, Fla., for plaintiffs.

M. Howard Williams, Tallahassee, Fla., for defendant.

CARSWELL, Chief Judge.

The undisputed facts here appear in stipulations filed September 26, 1960 and October 6, 1960. The pertinent portions are summarized. On March 17, 1959, United States Airman James Monaghan departed his assignment at Keesler Air Force Base, Mississippi, pursuant to orders on official "delay en route" leave status to report not later than 2400 hours, April 2, 1959, to an Air Force School in Montgomery, Alabama. The Airman traveled to St. Albans, Vermont, where he purchased the automobile subsequently involved in this action. From Vermont he drove to DeLand, Florida, where he visited for sometime with his grandparents. On April 1, 1959, he was driving to his new base when collision occurred between his automobile and plaintiffs' automobile near Quincy, Florida, within this District. This accident is the basis of this litigation. Thus, on the Government's motion for summary judgment one issue is presented. Was the Airman within the scope of his employment at the time of the accident?

■■ Liability of the Government is predicated upon the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 et seq.) The law of agency of the place of the accident has been held to determine whether a Government employee is acting within the scope of his employment. Williams v. United States, 1955, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761. Annotation on this point appears in 52 A.L.R. 2d at page 325. There it was stated, "Where the travel was between assignments of some permanence, at widely separated geographical points, it has usually been held that the employee was not acting for his employer in traveling." Since Williams, supra, dictates that state law be followed, this Court must, in effect, first act as a Florida court to determine the rule of law applicable to the precise facts, and, after so doing, then apply that rule to determine if a case within the terms of the Tort Claims Act is made out.

■ It is well settled in Florida that a master is liable for the torts of his servant which are committed in the scope of his employment. Western Union Telegraph Co. v. Michel, 1935, 120 Fla. 511, 163 So. 86; Collazo v. John W. Campbell Farms, 5 Cir., 1954, 213 F.2d 255; 21 Fla.Jur., Master & Servant, § 68 et seq. Such rule also applies to slight deviations from the master's business. Orr v. Avon Florida Citrus Corporation, 1937, 130 Fla. 306, 177 So. 612.

Justice Terrell, writing for the Court in Western Union v. Michel, supra, stated [120 Fla. 511, 163 So. 88]:

" * * * but when the deviation or departure of the servant amounts to an abandonment of the master's business and the undertaking of an enterprise or mission of his own without the masters' consent, knowledge, or approval, and having no relation to the master's business, then the master cannot be held liable for torts so committed."

Justice Terrell cited with approval the Alabama case of Jackson v. De Bardelaben, 1928, 22 Ala.App. 615, 118 So. 504, which held that the master may be held liable for acts of his servant where the deviation is slight and not unusual; but where the deviation is very marked and unusual, the court may as a matter of law determine that the servant was not on the master's business, but on his own. This rule contemplates a deviation amounting to an abandonment of the master's business and the undertaking of an unrelated enterprise or mission of the servant. Western Union Telegraph Co. v. Michel, supra; Orr v. Avon Florida Citrus Corporation, supra.

Under Florida's Workmen's Compensation Law the test for a compensable injury is whether it arose out of and in the course of employment. It is worthy to note that the Florida courts have adopted the view that an employee who is engaged in a purely private mission is not within the scope of his employment for the purposes of workmen's compensation *until he returns* to the employer's place of business or the point of departure. N. & L. Auto Parts Company v. Doman, Fla.App. 1959, 111 So.2d 270; Bituminous Casual-

ty Corporation, et al. v. Richardson, 1941, 148 Fla. 323, 4 So.2d 378.

In Foremost Dairies, Inc. of the South v. Godwin, 1946, 158 Fla. 245, 26 So.2d 773, 774, the master paid for the repairs, license, tires and fuel for the servant's personal car. On the morning of the accident the servant was on his way to work via the residence of another employee of the master, who the servant intended to take with him on his day's work.

> " * * * according to our interpretation of undisputed testimony, Howell had not started the day's work, was not yet in the master's employ; therefore we are unable to understand how his course on the morning of the mishap could be construed as raising the question whether there was a deviation, departure, or abandonment, indicating that his employer might be liable * * *. If he had not yet entered upon the master's business, being then on his way to do that, it could not be said that he deviated or departed from his employment or that he abandoned it. Certainly one may not abandon what he has not undertaken, may not deviate or depart from a course which he has not begun."

In Noe v. United States, D.C.E.D.Tenn. 1956, 136 F.Supp. 639, 640, the court was confronted with a Florida accident situation where a serviceman was under orders to transfer from his station at Miami, Florida, to Charleston, South Carolina. The orders provided for "three days of travel time and three of delay en route, otherwise designated as leave time" and his orders authorized travel by air, train, bus, or personally owned vehicle. The serviceman departed Miami on July 14, 1953, the date of the accident in Florida, and was due to report to his post in Charleston, South Carolina, on July 20, 1953. The court stated:

> "It is apparent that a serviceman on leave has a dual status, one with relation to service, the other with relation to third parties. While leave does not sever his service connection, it does temporarily interrupt his military duties. With the significance of his leave in the former sense, the Court is not concerned. His relation to third parties, that is, to members of the general public, presents the problem of the case."

> "[1] As to such parties, he has while on leave an individual, independent status. His torts are his own, not those of the United States. This is for the reason that while he is on leave he is not 'acting within the scope of his office or employment,' as required by the Federal Tort Claims Act. 28 U.S.C. § 1346(b); Rutherford v. U. S., D.C. N.D., Tenn., 73 F.Supp. 867, affirmed 6 Cir., 168 F.2d 70. See, also, Christian v. United States, 6 Cir., 184 F.2d 523; United States v. Eleazer, 4 Cir., 177 F.2d 914."

> "[2] The law of Florida, if it had any bearing on the case, would not require a holding of liability. Aside from the Florida statute which imposes liability upon the owner of a motor vehicle involved in an accident, no Florida rule imposes liability where there is neither such ownership nor the master and servant relation * * *. Under the Act, the United States fixes the limits of its liability, the primary limit being that liability which arises from the relation of master and servant. If that relationship does not exist, the United States has excluded liability by withholding its consent to be liable. Hubsch v. United States, 5 Cir., 174 F.2d 7."

> "For the reason that (the serviceman) was not acting within the scope of his office or employment at the time of the accident, the Court is without jurisdiction to impose liability upon the United States under any rule of law applied by Florida in its own courts. Summary judgment of dismissal is the indicated result."

On the undisputed facts of this case the Court concludes that Airman Monaghan was not within the scope of his employment for the Government at the time of the accident, and, accordingly, liability does not lie against the Government.

Order in conformity herewith is entered this date.