### NICHOLS v. McGRAW, et al.

Circuit Court, Santa Rosa County.
January 30, 1962.

William H. Henderson of Fisher & Hepner, Pensacola, for plaintiff.

Curtis A. Golden, Milton, for defendant McGraw.

Robert P. Gaines of Yonge, Beggs & Lane, Pensacola, and A. L. Johnson, Milton, for defendant Gerlach Motor Co.

ERNEST E. MASON, Circuit Judge.

This is a suit in four counts wherein the plaintiff sues the defendant McGraw as the operator of a motor vehicle for damages for the alleged wrongful death of his minor child and for alleged injuries sustained by himself and his wife, all claimed to have resulted from the alleged negligence of such defendant in the operation of the vehicle.

Plaintiff also sues the defendant, Gerlach Motor Company, a corporation and seeks damages from it for such death and injuries on four separate theories of liability as set out severally in the four counts in the complaint.

Under the first count, liability of the corporate defendant is predicated upon the allegation that at the time of the operation resulting in the losses by plaintiff the corporate defendant was the owner of the motor vehicle operated by McGraw, and that the latter operated it with its knowledge and consent.

In the second count, liability of the corporate defendant is predicated upon the allegation that at the time of the operation complained of the motor vehicle was owned by McGraw but was operated by him in and about the business of the corporate defendant as his employer.

The third count attempts to predicate liability upon the corporate defendant upon the theory of entrustment by it to the defendant McGraw of a dealer's tag issued by the Florida Motor

Vehicle Commissioner to such corporate defendant. In this count it is alleged that there was issued to Gerlach Motor Company, upon its application, a 1960 Florida dealer's tag and that the latter entrusted such tag to McGraw, who placed it upon the motor vehicle operated by him at the time of the collision complained of resulting in plaintiff's injuries and losses; that such tag was placed upon the vehicle in lieu of a private license tag issued to McGraw and that the dealer's tag was upon the vehicle at the time of its operation by McGraw resulting in plaintiff's injuries and losses.

The fourth count is predicated likewise upon the theory of entrustment, but this time not of a dealer's tag, but of a motor vehicle which it is alleged was entrusted by Gerlach Motor Company to McGraw as an automobile salesman for it. It is alleged in this count that Gerlach Motor Company allowed and required McGraw to operate the vehicle so entrusted to him upon the public streets and highways to carry on the business of an automobile salesman for the corporate defendant; that at the time he was employed by Gerlach Motor Company and at the time of the collision complained of, McGraw had a reputation as a reckless and careless driver and that his driver's privilege and automobile registration privilege had been and were under two separate suspensions by the state of Florida under provisions of its Financial Responsibility Law, which suspensions prohibited him from either driving a vehicle on such highways and streets or from registering it for the purpose of obtaining a license tag for it; that the corporate defendant knew, or in the exercise of reasonable care should have known, of McGraw's reckless proclivities and reputation and of his said suspensions, but despite such knowledge it employed him as an automobile salesman and entrusted him with a vehicle and placed him in control thereof, with the result he operated it in a reckless and careless manner, causing the injuries complained of herein.

The plaintiff has moved for a summary judgment against both McGraw and Gerlach Motor Company, basing its motion upon the pleadings, depositions, exhibits and interrogatories and answers thereto, affidavits of the parties, and their witnesses, all constituting the record herein.

Gerlach Motor Company has likewise moved for summary judgment based upon said record. Both motions must be denied if any issues of fact are raised by the record before the court, that is to say: if there is any justifiable issue of fact to be tried by the trier of the facts. Such an issue is raised if there is conflict of fact or a conflict of reasonable inferences to be drawn from facts, although the facts themselves are not in conflict.

Applying this principle to the motions herein, the plaintiff's motion must be denied because there is a conflict of fact concerning the issue of the negligence of the driver McGraw. In other words, the trier of the facts must determine whether or not the defendant McGraw was in fact negligent at the time of the collision complained of. The jury must determine whether or not his act in attempting to pass the vehicle in front of him proceeding in the same direction was, under the circumstances, such negligence as to impose liability upon him.

The motion of the defendant Gerlach Motor Company poses a much more serious problem for the court to resolve.

As to the first count, where liability is attempted to be predicated upon the theory that McGraw was operating a motor vehicle owned by, or under the control or dominion of Gerlach Motor Company, with its knowledge and consent, the motion as to this count must be granted. The evidence before the court is uncontradicted that at the time of this accident the automobile was owned by McGraw and that at such time Gerlach Motor Company had no control over it. The evidence is uncontradicted that McGraw was not operating the vehicle at the time in and about the business of Gerlach Motor Company, but was on an entirely personal mission.

Likewise as to the second count where liability is predicated upon the theory of respondeat superior, the motion must be granted because the evidence is uncontradicted that at the time of the collision McGraw was not engaged in the business of Gerlach Motor Company but was on a personal mission of his own.

The third count intrigues the court. Here liability is attempted to be predicated upon the theory of entrustment of a dealer's tag by Gerlach Motor Company to McGraw. Respectable authority from other jurisdictions would permit the imposition of liability against Gerlach Motor Company in such a situation. Frankly, were it not for the decisions of the Supreme Court of Florida and of the District Court of Appeal for the First District cited and set out in Lambert v. Johnson, 109 So.2d 187, this court would be inclined to go along with the theory contended for by the plaintiff. However, this court feels bound by such decisions and must, therefore, grant the summary judgment as to this count. Were there added to the allegations of this count a charge that Gerlach Motor Company entrusted this tag to McGraw to permit him to circumvent the Florida Financial Responsibility Law because of his license and registration suspensions, and if the proof in the record without contradiction

established these facts, the plaintiff would be entitled to judgment (see Metzel v. Robinson (Fla. Sup. Ct.), 102 So.2nd 385). Under such circumstances the dealer would, in the judgment of the court, be estopped from denying dominion or control of the vehicle.

The fourth count is divorced entirely from the theory of entrustment of a dealer's tag and liability is attempted to be predicated upon the entrustment of a dangerous instrumentality by an employer to an employee to operate upon the public highways to effect the business of the employer. To the charge of the entrustment of a dangerous instrumentality are added the allegations that the employee had the reputation of a reckless and careless driver; that his driving and registration privileges had been taken away from him; that he could not get a driver's license nor a private automobile tag; that the officers of Gerlach Motor Company knew, or should have known, of said reputation and of said suspensions, but in spite of such knowledge entrusted him with a motor vehicle for the purpose of permitting him to carry on their business.

Two propositions confront the court with reference to this count. First, does the count itself charge Gerlach Motor Company with liability, and second, does the record raise a justiciable issue of fact as to the proof of said charges?

The court concludes that the count is *sufficient in its allegations* to impose liability upon Gerlach Motor Company. Evidently counsel for Gerlach Motor Company agrees for he has not attacked this count by motion to dismiss.

However, the record affirmatively discloses that at the time of the collision complained of the automobile was not owned by Gerlach Motor Company, nor was it under the latter's dominion and control. Therefore, the decision relied upon by the plaintiff, viz: Western Union Telegraph Company v. Michel (Fla. Sup. Ct.), 163 So. 86, is not applicable. At the time of the collision complained of in this suit McGraw had completely abandoned the business of Gerlach Motor Company and was engaged in the undertaking of an enterprise or mission of his own which had no relation to his employer's business.

The collision did not occur at a time of slight deviation or departure from the business of Gerlach Motor Company, as in the Western Union case, but at a time when the business of his employer was completely abandoned by McGraw. It is evident from the record herein, therefore, that at the time of this collision, Gerlach Motor Company had no dominion or control over this vehicle which was owned by McGraw.

It is the view of the court that the allegation of the reckless proclivity of McGraw neither adds to, nor detracts from, plaintiff's case. However, be that as it may, there is no conflict in the evidence on the issue of knowledge on the part of Gerlach Motor Company of such proclivity. The only evidence in the record is that they did not have such knowledge, nor notice of facts which would have given them such knowledge.

The theory of the Miami case (Wolfe v. City of Miami (Fla. Sup. Ct.), 134 So. 539) offers no comfort to plaintiff for in that case it was evident that the vehicle was being operated in and about the business of the city at the time of the accident complained of. Therefore, the motion of defendant Gerlach Motor Company for summary judgment as to this count four is granted.

Counsel for defendant, Gerlach Motor Company, is directed to prepare an order and judgment in accordance with the decisions herein reached.