291 So.2d 264 (1974)
Chauncey D. SMITH and Virginia Smith, His Wife, Appellants,
v.
James Edward QUINN, a Minor, through His Father and Next Friend, et al., Appellees.
No. 72-1213.
District Court of Appeal of Florida, Fourth District.
March 15, 1974.
Lester J. Quartel, of Sandstrom & Hodge, Fort Lauderdale, for appellants.
Dieter K. Gunter of Carey, Dwyer, Austin, Cole & Selwood, Fort Lauderdale, for appellee-Adamski.
Edna L. Caruso of Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for appellee-Shell Oil Co.
Scott R. Anselmo of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellees-Quinn and Government Employees Ins. Co.
POULTON, TIMOTHY P., Associate Judge.
The Smiths drove into the Adamski's Ronkonkoma Shell Service Station in order *265 to purchase gasoline and had to stop short of the filling pumps because they were all being used at the time. Quinn, who worked part time at the filling station, was preparing to leave for his lunch hour. He backed his vehicle from a parking space on the service station lot and collided with the Smiths' car. Virginia Smith, a passenger in the car, was injured and subsequently instituted this action seeking to recover damages arising from personal injuries sustained in the mishap. Quinn, Robert Adamski, proprietor of the service station, and Shell Oil Company were named as defendants. The Smiths alleged that Adamski was in privity with Shell Oil Company through an agency relationship which went beyond the status of a mere franchise.
Without reaching the issue of negligence, the court below entered final summary judgment in favor of the defendants Adamski and Shell Oil Company. This appeal ensued.
Upon the authority of Western Union Telegraph Company v. Michel, 120 Fla. 511, 163 So. 86 (1935), the summary judgment is reversed as to Adamski. We believe that the facts of that case are different only in degree and not in kind from the facts in the case at hand. Relevant facts adduced upon the Motion for Summary Judgment presenting a jury question are:
1. Quinn parked his car upon the premises of the station with the knowledge and consent of Adamski.
2. He sometimes used his vehicle in his employer's business.
3. The accident happened during Quinn's working hours (although he was on his way to lunch at the time the accident happened).
4. The accident occurred upon the station's premises.
5. The Adamski lease with Shell prohibited parking upon the premises except in the ordinary course of operation of the station. (This is some evidence from which an inference could be drawn that the parking there by Quinn was in the ordinary course of the station's operation.)
Concerning the liability of Shell Oil Company, we believe that also is a question for the jury under the facts of this case. Appellee Shell relied primarily upon the case of Cawthon v. Phillips Petroleum Company, 124 So.2d 517 (2d D.C.A.Fla. 1960), and Drum v. Pure Oil Company, 184 So.2d 196 (4th D.C.A.Fla. 1966). We believe that those cases can be distinguished because in the present case:
1. The lease provided for minimum hours of operation.
2. The lease prohibited parking of motor vehicles except in the ordinary course of the station's operations.
3. A Shell salesman checks "everything" about the station once a week.
4. Adamski was required to purchase his gasoline from Shell.
For the foregoing reasons, it was not necessary for us to reach the more difficult question of "apparent authority" briefed by the Smiths and Shell Oil. We do note for the assistance of the trial court  if that question is an issue upon trial of the case  Miller v. Sinclair Refining Company, 268 F.2d 114 (5th Cir.1959), and cases cited therein at headnote six of the opinion. Cawthon v. Phillips Petroleum Company, supra, also addressed that question and may be of some assistance.
Reversed.
WALDEN, J., concurs.
CROSS, J., concurs only in conclusion.