508 So.2d 760 (1987)
Monique HAMILTON, Appellant,
v.
Rodney Lysander HAMILTON, Appellee.
No. BR-63.
District Court of Appeal of Florida, First District.
June 12, 1987.
*761 David B. Lee, Jr., Orange Park, for appellant.
M. Burt Wade, Orange Park, for appellee.
PER CURIAM.
The former wife, Monique Hamilton, appeals an order denying her motion for modification of the final judgment of dissolution and motion for rehearing of an order terminating rehabilitative alimony. We reverse.
The parties were married December 3, 1970, and separated in October 1984. Appellant is some twelve years older than her former husband; at the time of this hearing the wife was forty-nine and the husband thirty-seven. There was one child born of the marriage, in July 1972. During the fourteen-year marriage, the wife was not employed. She is a native of France, speaks English with a heavy accent, and has few job skills. The husband worked for the military both during the marriage and after the divorce. At the time of this hearing, he was earning approximately $30,000 a year.
The parties filed for divorce in November 1984. The wife sought alimony (because of her lack of work experience and job skills) and a share of her husband's military retirement pay. Final judgment of dissolution was entered in July 1985. The judgment gave to the wife primary residential responsibility for the minor child, exclusive use and possession of the marital home until the child reaches majority, and responsibility for mortgage payments, maintenance, and insurance on the home. She was also awarded four hundred dollars per month child support until the child reaches majority and eight hundred dollars per month rehabilitative alimony for six months, at the end of which time the court was to revisit the alimony award. The judgment denied an interest in the retirement benefits.
In December 1985 the wife filed a petition for modification alleging that she had no prospect of full-time employment and that she was attending the local community college. She asked the court to extend the rehabilitative alimony for one year. In February 1986 the court entered an order granting the wife five hundred dollars per month rehabilitative alimony for one year. In May 1986 the husband filed a petition for modification, alleging that the wife was working full-time at the Navy Exchange and asking that the rehabilitative alimony be stopped. By order dated September 29, the trial court found that appellant was no longer attending college and was employed full-time, and directed the termination of the rehabilitative alimony after the husband made the payment due October 1, 1986.
On October 3, 1986, the wife filed a motion for rehearing of the above order. She also filed a motion seeking modification of child support and asked the court to increase her child support to nine hundred dollars per month, alleging that without alimony she and the minor child could not meet expenses on her meager earnings and the present amount of child support. She also requested that the court grant her a share of her husband's military retirement pay pursuant to Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. 1986). The court denied both motions and the wife appeals, contending it was error to do so.
Because this is an appeal from denial of modification, not an appeal from the final judgment of dissolution that effected equitable distribution of marital assets, neither the trial court nor this court can reach back and modify the original judgment to effect a different distribution of property rights, including the former husband's military pension benefits. See Pumo v. Pumo, 405 So.2d 224 (Fla. 3d DCA 1981), review denied 412 So.2d 469 (Fla. 1982). Such benefits should, however, as in the past, be considered by the trial court in determining the former husband's ability to pay alimony and child support. Diffenderfer v. Diffenderfer, 291 So.2d 265. Our review on this appeal is limited *762 to consideration of the alimony and child support issues.
We conclude that on this record failure to convert the rehabilitative alimony to permanent alimony constituted an abuse of discretion under the test enunciated in Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). The evidence fails to establish any substantial prospects of rehabilitation such that the former wife could be expected to become self-supporting. Her fulltime job, which served as the basis for terminating all alimony, pays $3.80 per hour, barely above minimum wage. Without alimony or increased child support, she is unable to meet even minimum living expenses. She is considerably older than her former husband and has limited education, little if any opportunity for job advancement, and no retirement benefits. She must maintain the marital home from her own funds. She has no vested right in the home, and must sell it when her child reaches majority four years from now and share the proceeds with appellee. In short, the award of rehabilitative alimony, now terminated, is patently insufficient in view of the appellant's undisputed circumstances and appellee's ability to pay. See Fazli v. Fazli, 434 So.2d 1022 (Fla. 2d DCA 1983).
The appealed orders are reversed and the cause is remanded with directions to award appellant permanent alimony in a reasonable amount to be set by the trial court. The court should also, in fashioning a total provision that is reasonable and just for the support of appellant and the minor child, reconsider the amount of child support now being provided by appellee.
REVERSED and REMANDED.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.