PER CURIAM.
Jutta La Pinta appeals from a final order of the trial court denying her amended petition to modify a final judgment of dissolution of marriage. Frank La Pinta cross-appeals from the trial court’s denial of his petition to terminate alimony. For the reasons which follow, we affirm the trial court’s final order in all respects.
*1265 Frank and Jutta La Pinta were divorced in 1980 after a twenty-eight-year marriage. At the time of dissolution, Frank was a senior passenger agent for Pan American World Airways and Jutta was a college-educated housewife. The final judgment of dissolution awarded the parties’ duplex property and $50 a week permanent alimony to Jutta and the parties’ house to Frank. The final judgment of dissolution provided in relevant part: “That the Court deems the complaint of the husband and the counter-claim of the wife to include prayers for a final accounting and settlement between the parties, and a disposition of all properties and property interests, including those jointly held.” Frank and Jutta subsequently entered into a stipulation whereby Frank was awarded the duplex and Jutta was awarded the house. Neither party appealed from the final judgment of dissolution.
In 1982 Jutta filed a petition for an upward modification of alimony. Due to delays by the parties, Jutta’s petition was not heard until 1986. In 1986 Frank retired from Pan American. On January 1, 1987, Frank began receiving a net monthly pension of approximately $1,161 from his noncontributory pension plan with Pan American. Jutta thereafter amended her petition to seek a share of Frank’s pension. Jutta contended that she was entitled to equitable distribution of the pension according to Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla.1986), and that Frank’s pension constituted a marital asset which was concealed from her at the time of dissolution. Jutta further claimed that she was unaware that Frank was afforded a pension through his employment because the pension was of a noncontributory type, and that she first learned of the pension’s existence when Frank began collecting benefits. Frank responded to Jutta’s demands with a petition to terminate alimony wherein Frank alleged a substantial change of circumstances due to his retirement and the diminishment of his income by one-half.
Following a final hearing, the trial court entered an order denying the relief requested by both Jutta and Frank. The trial court found that the issue of Jutta’s entitlement to a share of Frank’s pension was res judicata according to the clear terms of the 1980 final judgment of dissolution. The trial court also found that neither Jutta nor Frank had demonstrated a substantial change of circumstances to warrant either upward modification or elimination of alimony.
The record reveals no abuse of discretion by the trial court. Jutta’s claims for upward modification of alimony and for equitable distribution of Frank’s pension were predicated on her alleged ignorance of the pension’s existence at the time of dissolution in 1980. Jutta’s contention, that Frank’s nondisclosure of the pension on his financial statements submitted prior to dissolution mandates a belated distribution of the pension as a marital asset, is without merit. Prior to the Florida supreme court’s 1986 decision in Diffender-fer, a spouse’s pension benefits were not treated as marital property subject to equitable distribution; rather, such benefits were considered only as a source of income for determining the spouse’s ability to pay alimony. See, e.g., Pastore v. Pastore, 480 So.2d 231 (Fla. 1st DCA 1985), quashed in part, 497 So.2d 635 (Fla.1986). Thus, any error accruing from Frank’s alleged nondisclosure was harmless because Jutta was not entitled, as a matter of law, to an equitable share of Frank’s pension. Significantly, Jutta does not argue, and we do not address, the question of whether the trial court erred by failing to include Frank’s arguably undisclosed pension in calculating his ability to pay increased alimony.
The gravamen of Jutta’s petition for equitable distribution is that she is retrospectively permitted to receive a proportionate share of Frank’s pension; however, the posture of Jutta’s claim for equitable distribution of Frank’s pension precludes its success. “Because this is an appeal from denial of modification, not an appeal from the final judgment of dissolution that effected equitable distribution of marital assets, neither the trial court nor this court can reach back and modify the original judgment to effect a different distribution *1266 of property rights, including the former husband’s ... pension benefits.” Hamilton v. Hamilton, 508 So.2d 760, 761 (Fla. 1st DCA 1987). Cf. Carroll v. Carroll, 528 So.2d 931 (Fla. 3d DCA July 5, 1988) (wife entitled to share of present value of husband’s retirement plans where reviewing court had found that initial distribution of marital assets was not made equitably; “once the fairness of a distribution scheme that excludes a particular asset has been ascertained, a trial court cannot, without articulating a compelling reason, thereafter include the asset and declare equitable the failure or refusal to distribute the assets in proportion to the prior distribution.”).
Notwithstanding the trial court’s mischaracterization of the issue of Jutta’s entitlement to Frank’s pension as being res judicata, a decision of the trial court will be affirmed if it is supported by an alternative theory. Applegate v. Barnett Bank, 377 So.2d 1150 (Fla.1979). We agree with the trial court that neither Frank nor Jutta has demonstrated a sufficient change of circumstances for modification or elimination of alimony.
Accordingly, the trial court’s order is
Affirmed.