TAYLOR, J.
We reverse the final summary judgment entered in favor of the Department of Transportation (“Department”), because a genuine issue of material fact exists regarding whether the Department’s employee was acting within the scope of his employment when the state vehicle he was operating allegedly struck appellant Wesley Ford.
“The general rule in Florida is that an employee who deviates from his employment to engage in a personal errand is not within the scope of his employment if an accident occurs before he returns to the course he was pursuing in the interest of his employer.” Drinnenberg v. State, Dep’t of Transp., 481 So.2d 51, 52 (Fla. 2d DCA 1985)(emphasis added).
In this case, the record shows that the employee deviated from the scope of his employment to travel to a park for his son’s soccer game. However, a question of fact remains as to whether, at the time of the accident, the employee had reentered the scope of his employment while on his way to park the state vehicle in the assigned parking lot for the night. This question is one for the jury. See Woods v. City of Miami, 646 So.2d 836, 836 (Fla. 3d DCA 1994)(‘Whether an employee’s act was committed within the scope of his employment or in furtherance of the employer’s interest generally presents a question for the jury when there are varying inferences and conclusions to be drawn.”).
Accordingly, we reverse and remand for further proceedings.
REVERSED and REMANDED.
FARMER, C.J., and GUNTHER, J., concur.