# FIFTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 5D23-0750
LT Case No. 2020-31188-CICI

_____

CAROL ANN KULZER,

Appellant,

v.

SARAH MARIE WAY and
GREENLEAF TRUST,

Appellees.

_____

On appeal from the Circuit Court for Volusia County.
Mary G. Jolley, Judge.

Michael J. Korn, of Korn & Zehmer, P.A., Jacksonville, and
James T. Terrell and Bruce A. Maxwell, of Terrell Hogan,
Jacksonville, for Appellant.

Richard A. Keller, of Hill, Rugh, Keller & Mann, P.L., Orlando,
for Appellee, Greenleaf Trust.

No Appearance for Appellee, Sarah Marie Way.

February 2, 2024

PER CURIAM.

Sarah Marie Way, an employee of Appellee, Greenleaf Trust,
was running errands she said were related to her employment

duties of inspecting and readying a condominium unit and its contents for sale. After completing two errands, Ms. Way grabbed a hamburger which she ate in the parking lot of a McDonald's. She was then heading back to the condominium for a business meeting when she negligently collided her car into the car driven by Appellant, Carol Ann Kulzer, who claimed injuries and damages in her suit against Ms. Way and Greenleaf. Appellant appeals the trial court's entry of summary judgment in favor of Greenleaf, absolving it from any vicarious liability to Kulzer. The trial court found as a matter of law that Ms. Way was not within the course and scope of her employment at the time of the wreck based upon application of the coming and going rule. We reverse and remand for further proceedings.

Background Facts

Ms. Way normally worked for Greenleaf in Kalamazoo, Michigan, but was temporarily assigned to work in Ormond Beach, Florida, dealing with a condominium unit left to Greenleaf. She was involved in inspecting the unit, dealing with some of its contents, and helping to prepare it for marketing, listing, and sale. Greenleaf paid all Way's expenses associated with her travel and work in Ormond Beach including her meals. On this particular day, she traveled to the condominium in the morning, left the premises around noon, and was scheduled to attend a 2:00 p.m. work-related meeting at the condo.

According to Ms. Way's answers to interrogatories, she "had left the work location for errands related to the inspection." What we will refer to as her "mid-day journey" consisted of the following events. Around noon, Ms. Way drove from the condominium to a store where she purchased various packing supplies such as boxes, tape, and bubble wrap. That purchase occurred at 12:14 p.m. The parties agree that first errand was unquestionably within the course and scope of her normal duties performed on behalf of Greenleaf, her employer. She then went to an ABC Fine Wine & Spirits where she purchased wine, cheese, and salami; the record says almost nothing about that errand other than that the sale occurred around an hour later at 1:22 p.m. She next stopped at McDonald's to grab a hamburger at the drive through. She ate the burger in the parking lot, and as she was heading back to the condo

for the 2:00 p.m. business meeting, she caused the wreck described above, which was reported at 1:46 p.m.

Appellant's suit was against Ms. Way for her negligence in causing the accident and against Greenleaf on the theory that it was vicariously responsible for the negligence of its employee committed during the course and scope of her employment. Ms. Way admitted fault for the accident. Greenleaf moved for summary judgment, claiming that Ms. Way was not within the course and scope of her employment at the time of the wreck.

An employer is vicariously liable for the tortious conduct of its employee only if committed within the scope of employment. *Robelo v. United Consumers Club, Inc.*, 555 So. 2d 395, 396 (Fla. 3d DCA 1989). The parties, the trial court, and we agree that Greenleaf's potential vicarious tort liability depends on whether this wreck occurred in the course and scope of Ms. Way's employment. Whether an employee's negligent act occurred within the course and scope of employment is generally a question for the jury. *Woods v. City of Miami*, 646 So. 2d 836, 836 (Fla. 3d DCA 1994). A widely accepted test of whether an employee, while driving, was within the scope of employment can be found in *Sussman v. Florida East Coast Properties, Inc.*, 557 So. 2d 74 (Fla. 3d DCA 1990). The employer's vicarious liability arises:

> only if (1) the conduct is of the kind the employee is hired to perform, (2) the conduct occurs substantially within the time and space limits authorized or required by the work to be performed, and (3) the conduct is activated at least in part by a purpose to serve the master.

*Id.* at 76.

Over the years, many cases were litigated in the realm of workers' compensation and in third-party tort liability situations where the employee's wreck occurred as the employee was simply going to the workplace at the beginning of the workday or as she was coming home at the end of the normal workday. The "coming and going rule," which typically eliminates employers' responsibility for workers' compensation benefits, is codified in

3

section 440.092, Florida Statutes (2023). It has also been judicially adopted to absolve employers of vicarious liability in tort cases when the injured or negligent employee was simply coming from or going to the workplace at the start or end of the workday. It is undisputed on the record before us that Ms. Way had come to the workplace hours before the accident and had not completed her workday; thus, the traditional coming and going rule was inapplicable.

When an employee is on a single-purpose, personal lunch break, away from the workplace, and not engaged in the employer's business in any manner, the employee is not considered to be within the course and scope of employment for workers' compensation purposes. *See City of Miami v. Dwight*, 637 So. 2d 981, 983 (Fla. 1st DCA 1994). In essence, that situation has been treated, for workers' compensation purposes, as a variant of the coming and going rule because the employee's freedom of movement is so complete. *Id*. In *Western Union Telegraph Co. v. Michel*, the supreme court considered the employer's liability for a wreck that occurred as its employee message deliveryman was returning from lunch at his home, nine miles outside his delivery zone. 163 So. 86 (Fla. 1935). The supreme court found that the trial court erred in affirmatively instructing the jury that the messenger was within the scope of his employment, saying under those facts it was an invasion of the province of the jury which should decide whether the employee's lunch detour was merely a slight departure from work or an abandonment of the employer's business, with vicarious liability attaching only for the former circumstance. *Id*. at 87–88.[1] Even where an employee has temporarily deviated from serving the employer's business, if an accident occurs after he returns to the pursuit of the employer's interest, vicarious liability may be found. *Ford v. Fla. Dep't of Transp.*, 855 So. 2d 264, 265 (Fla. 4th DCA 2003).

It is undisputed that Ms. Way described her mid-day journey in her interrogatory answers as running errands related to the

---

[1] The supreme court ultimately decided that the employer's liability rested on an issue other than scope of employment. *Western Union*, 163 So. at 89.

4

inspection and sale of the condominium. The parties do not dispute that the first such errand was related to Ms. Way's job. The purpose and duration of the second errand, buying refreshments at the ABC, was not explored during Ms. Way's deposition nor explained by any record evidence.[2] The time that passed following completion of the second errand and the wreck, which included travel to McDonald's, eating a burger, driving to where the wreck occurred, the occurrence of the wreck, and notifying police was approximately twenty-four minutes. Based on these facts, the trial court granted Greenleaf's motion for summary judgment, concluding that under the coming and going rule, Ms. Way was not acting within the scope of her employment.

We engage in a de novo review of the summary judgment granted in this case. *Volusia Cnty. v. Aberdeen at Ormond Beach*, 760 So. 2d 126, 130 (Fla. 2000). Summary judgment may only be granted when there are no genuine issues of material fact and the moving party is entitled, as a matter of law, to judgment in its favor. Fla. R. Civ. P. 1.510. As to the first element of the *Sussman* test, Ms. Way running the errands was self-described as work-related, and at least one of the errands was indisputably conduct of the kind the employee was hired to perform. Facts surrounding the second *Sussman* element were poorly developed, but there was no undisputed evidence that the mid-day journey occurred substantially outside the time and space limits authorized or required by the work to be performed. Finally, as to the third *Sussman* element, the evidence was undisputed that Ms. Way's mid-day journey was motivated at least in part by a purpose to serve her employer, Greenleaf.

Thus, the record before us does not establish Greenleaf's entitlement to judgment as a matter of law. Accordingly, we reverse the summary judgment and remand for further proceedings consistent with this opinion.

---

[2] It was included on Way's reimbursement request as a personal, rather than client expense; however, that tells us nothing material to our inquiry.

5

REVERSED and REMANDED for further proceedings.

EDWARDS, C.J., and LAMBERT and JAY, JJ., concur.

—————————————————

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

—————————————————

6