SHANNON, Judge.
The appellant, together with New West Florida Ice Company, were the defendants below wherein the appellees sought damages against both for a fire which destroyed the appellees’ building.
At the conclusion of plaintiffs’ evidence the court instructed a verdict for both the defendants on the ground that it had not been established that the employees of the two defendants at the time of this occurrence were acting within the scope of their authority, and their negligence, if any, would not be imputed to their employer.
On a motion for new trial the court denied the same as to New West Ice Co. but granted it against the appellant. It is from this order that the present appeal is directed.
The only question raised is whether or not the appellant can be held liable for the acts of one of its employees where the particular act of the employee is unknown to the appellant and would, if known, be undoubtedly disapproved. The evidence showed that a man, who was identified not by name but by description to be the defendant’s employee, lighted the fire. It resulted in destroying the plaintiffs’ building.
The defendant was burning its right of way and had reached a certain point in the right of way when the defendant’s foreman, together with a forest ranger, went to the plant of the plaintiff to make inquiries about burning palmettos and weeds off the plaintiffs’ land. The plaintiffs were not in and no one gave them permission to set a fire. The plaintiffs’ land was contiguous to the defendant’s right of way and *830 the fire was started some distance from the right of way. No connection was shown between the present fire and the fire along the right of way. The weeds were particularly dry and a strong wind was blowing.
We have set out briefly a few of the facts given in evidence for the purpose of explaining our decision.
In the present case the presumptions are against the appellant, for here the order appealed was, in effect, a finding that there was an issue of fact and that the case should go to a jury. The appellant takes the position that the trial court was in error in reversing its own directed verdict and awarding a new trial.
In discussing the trial court’s action in a similar situation, the Supreme Court said in Street v. Overholzer, Fla. 1952, 58 So.2d 153:
“It is well settled that the granting of a new trial rests primarily in the sound legal discretion of the trial court, and that his determination will not lightly be disturbed. Florida Coastal Theatres, Inc., v. Belflower, 159 Fla. 741, 32 So.2d 738, and cases therein cited. This is particularly true where, as here, the case has never been considered by a jury and the new trial is granted because the trial judge determined that he had erred in directing a verdict for the plaintiff-appellant.”
There is no dispute as to the relevant facts but the question, as ap-pellees contend, whether an inference can be drawn that the defendant’s employee was acting within the scope of his employment at the time this fire was started? Was he trying to backfire the palmetto patch so that he, and other employees of the defendant, could proceed with burning the railroad’s right of way? Was this employee at the time he was on another person’s land and setting fire to the palmettos and weeds on a “frolic of his own”, as maintained by the defendant or was he, in fact, trying to backfire so that he could, thereafter, burn the defendant’s right of way? Regardless of whether the defendant knew of this, or would have approved, the rule is stated in 35 Am.Jur., Master and Servant, Section 553, page 987:
“ * * * If the employee, being engaged about the business of the employer, adopts methods which he deems necessary, expedient or convenient, and the methods adopted prove hurtful to others, the employer may be held liable. The purpose of the employee’s act, rather than the method of performance thereof, is said to be the important consideration. * * * ”
And, again, at page 993, Section 559:
“The courts are generally agreed that an employer may be held accountable for the wrongful act of his employee committed while acting in his employer’s business and within the scope of his employment, although he had no knowledge thereof, or had disapproved it, or even expressly forbidden it. * * * ”
As held in Anderson v. Southern Cotton Oil Co., 1917, 73 Fla. 432, 74 So. 975, 977, L.R.A.1917E, 715.
“ * * * When the facts are not in dispute, and the evidence, with all the inferences that a jury may lawfully deduce from it, does not, as matter of law, have a tendency to establish the cause of action alleged, the judge may direct a verdict for the defendant. But the court should never direct a verdict for one party unless the evidence is such that no view which the jury may lawfully take of it favorable to the opposite party can be sustained under the law. Where there is room for a difference of opinion between reasonable men as to the proof of facts from which an ultimate fact is sought to be established, or where *831 there is room for such differences as to the inferences which might be drawn from conceded facts, the court should submit the case to the jury for their finding, as it is their conclusion, in such cases, that should prevail, and not primarily the views of the judge. * * * ”
So, we have a presumption that the trial court was correct, and in deciding whether or not, from the facts, a jury could reasonably draw an inference that the employee of the defendant was in the scope of his employment at the time the fire was started, we believe that the lower court was correct and, being correct, it necessarily follows that his decision should be affirmed.
Affirmed.
ALLEN, Acting Chief Judge, and SANDLER, HARRY N., Associate Judge, concur.