WIGGINTON, Chief Judge.
Plaintiff has appealed a summary final judgment rendered in favor of defendant in a suit for damages resulting from the alleged breach of an express written warranty. It is contended that the pleadings, depositions, affidavits and other evidence in the file create a genuine issue of a material fact, and that the court erred in resolving this issue by rendition of the judgment appealed.
From the record it affirmatively appears that some five years prior to the occurrence which gave rise to this cause of action, ap-pellee, a local retailer of industrial supplies, in the company of an employee of Orbit Valve Company for whom appellee was distributor, called at appellant’s plant for the purpose of demonstrating the high pressure valves manufactured by Orbit. The purpose of the call was to induce appellant to purchase Orbit’s products for use in the operation of its chemical plant in Santa Rosa County. The presentation made by appellee and its manufacturer’s representative resulted in the commencement of a business relationship between appellant and appellee which has lasted continuously down to and including the present time. Over the ensuing five-year period appellant purchased through appel-lee numerous valves manufactured by Orbit which were used in the operation of appellant’s plant. From the outset of this relationship the invariable practice of the parties was for appellant to make its purchases through the issuance of a standard form of purchase order. In every instance the purchase' order was accompanied by two copies, one of which was required to be signed by appellee and returned to appellant. At the top of the purchase order the following statement appears, to wit: “Furnish materials and/or services, subject to all terms and conditions shown below and on reverse side.” On the reverse side of the purchase order there is contained an eighteen-paragraph statement of terms and conditions of the purchase, including the following:
“WARRANTY — In addition to all warranties imposed by law, Seller expressly warrants that all goods delivered pursuant hereto will conform to the specifications, drawings, samples or other description furnished or specified by Buyer and will be fit for the purpose intended, merchantable, of good material and workmanship and free from defect íjí j|i >>
It was appellant’s policy to investigate the financial solvency and responsibility of its proposed vendors and only order supplies from those on whom it could depend to honor their warranties and other commitments, and it looked to its suppliers to honor the warranties made by them in connection with sales of products or materials made to appellant.
On June 10, 1965, appellant’s purchasing agent contacted appellee’s manager by telephone and placed an order for eight Orbit valves which were to be installed in high pressure gas lines located in appellant’s plant. Appellee was given the number of the purchase order which had not at that time been completed and which was *775 not mailed until the next day. Appellee immediately transmitted this order to Orbit who shipped the valves in due course. The purchase order was mailed to appellee the next day and received by it on the following day. Appellee signed the copy of the purchase order containing the warranty above quoted and returned it to appellant in the usual course of mail. This was in accordance with the custom and practice which had existed between the parties during the period of their business relationship. The valves supplied by appellee through its manufacturer were received by appellant and installed in a gas line carrying 5,000 pounds of pressure per square inch. Because of an alleged defect in the weld of a seam in the valve, an explosion occurred resulting in extensive damages to appellant’s plant. This suit was brought on the theory of liability arising from an alleged breach of the warranty given by appellee by which the valve in question was warranted to be fit for the purpose intended, merchantable, of good material and workmanship, and free from defect.
The general rule defining the factors necessary to constitute an express warranty is stated by the author of Florida Jurisprudence as follows:
“The Uniform Commercial Code defines the term ‘express warranty’ as any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain. Such an affirmation of fact or promise is declared to create an ‘express warranty’ that the goods shall conform to the affirmation or promise. It is not necessary to the creation of an express warranty that the seller use formal words such as ‘warrant’ or ‘guarantee’ or that he have a specific intention to make a warranty. In other words, any affirmation of fact or any promise by the seller relating to the property, which induces the purchase and on which the buyer relies, is an express warranty * * [1]
The foregoing rule was, at least in the form of dictum, adopted by the Second District Court of Appeal in Keating v. DeArment[2] in which it said:
“ * * * To support liability upon the contractual warranty the purchaser must have relied thereon, and in addition thereto his reliance must have been justified under the circumstances. The principle is stated at 77 C.J.S. Sales § 310e, page 1143, as follows:
“ ‘In order that an affirmation may constitute a warranty, it must be received by the buyer as a statement of fact with respect to the property and be relied on as such in making the purchase, that is, the affirmation asserted as a warranty must have been operative in causing the sale and must have been understood by the buyer as being intended as part of the contract. * * * A statement does not constitute a warranty unless the buyer is justified in relying on it as a statement of fact as distinguished from an opinion. * * * ’ (Emphasis added).”
Florida appears to follow the general rule prevailing in other jurisdictions of this country which is stated to be as follows :
“ * * * To constitute an express warranty, the term ‘warrant’ need not be used; no technical set of words is required, and a warranty may be inferred from the affirmation of a fact which induces the purchase and on which the buyer relies and on which the seller intended that he should so do * *.”[3]
Appellee supports the summary judgment rendered in its favor upon the prop *776 osition that the pleadings, depositions, affidavits, and other evidence in the record show without dispute that appellant did not rely on the warranty contained in the purchase order as a condition of its purchase of the defective valve because the order was placed by telephone two days before the purchase order containing the warranty was received by appellee. It relies on the further fact that appellant’s representative admitted that if, when he placed the order by telephone, appellee had stated that it was unable to procure the valves needed by appellant, that he would have ordered them directly from Orbit, the manufacturer. Although such argument is forceful and persuasive, it cannot be accepted to the complete exclusion of other evidence in the file which tends to establish that the business practice between the parties over a long period of time required that each purchase be made pursuant to a purchase order and a copy thereof containing the express warranty be executed by appellee and returned to appellant. The evidence is susceptible of the interpretation that ap-pellee acquiesced in this practice and understood that the telephonic order would be followed by a purchase order containing the warranty demanded by appellant which it agreed to sign in order to protect appellant from any damage it might suffer or liability it might incur as a result of any defect in the valves purchased from appellee. It is our view that the posture of the evidence, and the reasonable inferences deducible therefrom, is such as to create a genuine issue relating to the fact of whether appellant relied on the warranty contained in the purchase order accepted by appellee and was justified in doing so when it ordered the valve which allegedly was defective and caused the damages suffered by appellant. Under these circumstances such issue may be resolved only by the trier of the facts after all evidence of the parties has been submitted in support of their respective positions. As said by this court in Williams v. Davidson:[4]
“ * * * if, however, the said evidence (even though uncontradicted) is susceptible of conflicting inferences that might be lawfully drawn by the jury as the basis for holding the defendant so liable, or even if it is a close question of fact, the court should deny the defendant’s motion for a summary judgment, so that the issues of fact may be submitted to a jury for determination in a trial. See, for instance, our decisions in Clark v. City of Atlantic Beach, Fla.App., 124 So.2d 305 (1960) and Baskin v. Griffith, Fla.App., 127 So.2d 467 (1961).”
We therefore hold that the trial court erred in concluding that appellee was entitled to judgment as a matter of law on the facts and circumstances shown by the record before us. The judgment appealed is accordingly reversed and the cause remanded for further proceedings.
JOHNSON and SPECTOR, JJ., concur.

. 28 Fla.Jur. 556, Sales, § 129.

. Keating v. DeArment, (Fla.App.1967) 193 So.2d 694, 696.

.46 Am.Jur. 494, Sales, § 313; 32 A.L.R. 1159; 59 A.L.R. 1541.

 Williams v. Davidson, (Fla.App.1965) 179 So.2d 387, 389.