238 So.2d 684 (1970)
ESCAMBIA CHEMICAL CORPORATION, Appellant,
v.
INDUSTRIAL-MARINE SUPPLY COMPANY, Inc., Appellee.
No. M-354.
District Court of Appeal of Florida, First District.
August 27, 1970.
Shell, Fleming, Davis & Menge, Pensacola, for appellant.
Donald H. Partington of Harrell, Wiltshire, Bozeman, Clark & Stone, Pensacola, for appellee.
RAWLS Judge.
Plaintiff-appellant, Escambia Chemical Corporation, by this appeal seeks reversal of a judgment on the pleadings rendered in favor of defendant-appellee, Industrial-Marine Supply Company, Inc.
The primary point involved in this appeal is: Did the manufacturer's payment of a judgment rendered in favor of the plaintiff-purchaser *685 for damages caused by a defective valve sold to the plaintiff by a retailer under an express warranty discharge the liability of the retailer to the plaintiff?
Escambia filed its second amended complaint against the manufacturer, Orbit Valve Company, and the retailer, Industrial-Marine, alleging that Orbit had negligently manufactured a valve, placed same in the channels of trade, and that the defect in said valve proximately caused "the loss and damage of which complaint is made herein; wherefore, Orbit should be held liable for the damages done in the use thereof for the purposes for which it was intended and in the manner intended under the principle of strict liability in tort." It further alleged: "In addition to the foregoing allegations on negligence on the part of Orbit and the allegations relative to the application of the principle of `strict liability in tort' above set forth, Escambia relies upon the implied warranty imposed by law upon Orbit, the manufacturer of the valve in question, in favor of Escambia, that said valve would be fit for the use to which it was, in fact, put, as described herein. Such implied warranty was breached by said valve's failure as a result of the defective manufacture of same by Orbit, as described herein."
The allegations as to Industrial-Marine's liability are predicated upon an express warranty[1] printed on the reverse side of a purchase order. The second amended complaint alleges: "This warranty constituted a part of the terms and conditions of the contract of sale and purchase under which Escambia purchased the subject valve from said defendant, Industrial, and Escambia was induced to make the purchase of the valve in question by such warranty by its reliance upon such warranty of Industrial. In this connection, Escambia selected Industrial as the distributor from whom it would make this and other purchases on the basis of its good reputation and adequate financial standing and facilities for meeting its commitments including the aforesaid warranty. The warranty failed and was breached in that the subject valve was not fit for the purpose intended and was not free from defect."
This case has previously been before this Court on appeal by Escambia from a summary final judgment granted to Industrial-Marine.[2] During the pendency of that appeal, the action against Orbit Valve Company was tried with a final judgment being rendered against Orbit in favor of Escambia in the sum of $279,924 together with costs. Escambia acknowledged satisfaction of this judgment on May 29, 1969.[3] Subsequently the opinion of this Court was rendered in Escambia Chemical Corporation v. Industrial-Marine Supply reversing the summary judgment and remanding for further proceedings. It was upon the further proceedings that the instant judgment upon the pleadings was entered by the trial court.
As reflected by the above excerpts from Escambia's second amended complaint, the gravamen of the action against Industrial was founded upon express warranty. The verbiage of this express warranty is basically a summation of the doctrine of implied warranty. In short, the express warranty explicity states "that all goods delivered * * * will be fit for the purpose intended, merchantable, of good material and workmanship and free from defect." The duty *686 assumed by Industrial by the terms of this express warranty is substantially the same duty imposed by law upon Orbit. Industrial's sole role in this transaction was that of retailer of a chattel, i.e., a valve that was manufactured by Orbit and delivered by Industrial-Marine. There were no allegations of misconduct on the part of Industrial-Marine other than being a conduit in the course of trade for the chattel. The damages alleged as to each defendant were identical, and the liability of the two defendants was identical. In this posture of the case we conclude that the following statement in Restatement of the Law, Judgments § 95, controls, viz.:
"The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, breach of contract, or other breach of duty, discharges each of the others from liability therefor." (Emphasis supplied.)
The Comment on the above section states:
"The rule stated in this Section applies where one judgment has been obtained in an action against one of the persons liable for a breach of duty; * * *
"The discharge of a judgment against any one of several persons liable for a single harm or breach of duty, owed by all, discharges the others except for costs in actions begun against the others." (Emphasis supplied.)
Thus, there was a single harm and a single breach of duty.
Escambia, having pursued Orbit to final judgment and having received satisfaction of said judgment, cannot now relitigate the same breach of duty against Industrial-Marine.
The trial judge correctly entered judgment on the pleadings; therefore, the judgment is affirmed.
JOHNSON, C.J., concurs.
SPECTOR, J., dissents with opinion.
SPECTOR, Judge (dissenting).
I respectfully dissent from the decision of the majority. The authority cited as the basis for decision by the court is properly applicable to a situation where two or more persons are liable for breach of one or the same contract. In the case at bar, each of the two defendants, that is, Orbit and Industrial, entered into separate contractual undertakings with the plaintiff. Orbit's liability to Escambia did not arise from Industrial's breach of express warranty to Escambia. Nor did Industrial's liability to Escambia stem from Orbit's breach of its implied warranty of fitness. Both Orbit and Industrial warranted the valve in question, but not together. Orbit did so impliedly while Industrial did so expressly. There is nothing in this record to indicate that either of them warranted the valve in behalf of the other.
I would reverse.
NOTES
[1] "Warranty:  In addition to all warranties imposed by law, Seller expressly warrants that all goods delivered pursuant hereto will conform to the specifications, drawings, samples or other description furnished or specified by Buyer and will be fit for the purpose intended, merchantable, of good material and workmanship and free from defect."
[2] Escambia Chemical Corporation v. Industrial-Marine Supply Company, 223 So.2d 773 (Fla.App.1st 1969).
[3] Escambia had alleged that it suffered damages in the sum of $316,559.13 and concedes that the sums recovered from Orbit would constitute an offset against a judgment against Industrial-Marine; thus, Escambia contends its claim of damages has not been fully satisfied.