397 So.2d 1187 (1981)
Patricia GATES, Appellant,
v.
CHRYSLER CORPORATION, a Foreign Corporation, and Frank Green Chrysler-Plymouth-Dodge, Inc., a Florida Corporation, Appellees.
No. 78-2551.
District Court of Appeal of Florida, Fourth District.
May 6, 1981.
*1188 Rod Tennyson of Ombres, Powell, Tennyson & St. John, P.A., West Palm Beach, for appellant.
Edna L. Caruso, West Palm Beach, and Montgomery, Lytal, Reiter, Denney & Searcy, P.A., West Palm Beach, for appellee, Chrysler Corp.
HERSEY, Judge.
This is an appeal from a final judgment rendered in favor of appellant as to one count of her complaint and in favor of appellee on two additional counts.
Appellant's difficulties began with the purchase of a Plymouth Volare automobile from Frank Green Chrysler-Plymouth-Dodge, Inc. in 1977. Very shortly thereafter she began experiencing various problems with the automobile involving mechanical malfunctions, electrical failures and fuel distribution system irregularities. In addition, there were problems of body integrity including rust and faulty handles.
On numerous occasions between March and December of 1977 work had to be done on the automobile by a Chrysler dealership. Finally, in December, appellant met with a representative of appellee, Chrysler, and because of the continuing problems she requested a refund of her purchase price. Settlement negotiations failed.
Appellant filed suit, seeking, in Count I, damages and rescission against the selling dealership, in Count II damages and attorneys' *1189 fees against Chrysler for violation of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 and in Count III treble damages and attorneys fees against Chrysler pursuant to Sections 320.64, 320.696, and 320.697, Florida Statutes (1979).
The trial court directed verdicts in favor of Chrysler on Counts II and III. The jury brought in a verdict for damages against the selling dealership in the amount of $1,200. Appeal is taken from that part of the final judgment directing verdicts against appellant.
We note first that no appeal is taken from the award of damages. In fact, the record discloses that appellant has been paid and that the judgment has been satisfied. As to Count I, then, the issues have been put to rest.
Analyzing the allegations of Count II of the complaint in light of the material and relevant evidence, we conclude that three violations are relied upon to invoke the penalties of the Magnuson-Moss Warranty Act.
Appellant first urges that Chrysler was required to but did not express in writing any restrictions, disclaimers or modifications which Chrysler sought to engraft onto implied warranties arising out of the manufacture and sale of the automobile in question. Neither appellants' briefs nor the record contain any indication that Chrysler attempted at any time to restrict, modify, or disclaim any implied warranties. That being so, there was no requirement of written notice and no violation.
Second, appellant points out that Chrysler failed to make certain required disclosures on the face of its warranty. We find only one such omission applicable to the facts contained in this record. The statement which is required but which was omitted reads:
This warranty gives you special legal rights, and you may also have other rights which vary from state to state.
Appellee questions whether the rule imposing this requirement applies in this case because of the date of its enactment. 40 Fed.Reg. 60, 188 (1975). Whether or not it applies need not detain us long because the violation was at most a technical one and contributed not at all to appellant's damages. The relief which she sought and received was afforded by state law; obviously, she was not misled to her detriment by Chrysler's failure to advise her of that law's possible existence at the time of the sale.
We come, then, to the third possibility which is the crux of Count II. Appellant contends, and we think correctly, that a cause of action exists under Magnuson-Moss where there has been a breach of warranty which has not been remedied although the warrantor has been given a reasonable opportunity to cure the breach. Section 2304(a)(1), Magnuson-Moss Warranty Act.
It is undisputed that there was sufficient evidence to go to the jury on the question of rescission under Count I (even though rescission was in fact not the remedy eventually applied). Clearly, more elements are required to be proved for rescission than to sustain a finding of breach of warranty. Pinellas Central Bank & Trust Co. v. International Aerodyne, Inc., 233 So.2d 872 (Fla. 3d DCA 1970). Thus, there was more than slight evidence of a breach of warranty. Where there is any evidence on which a jury can find for the plaintiff, then a defendant's motion for directed verdict should be denied. Hillsborough Grocery Co. v. Leman, 51 Fla. 203, 40 So. 680 (1906). A motion for directed verdict should be granted only when the court, after viewing the evidence and testimony in the light most favorable to the nonmoving party, concludes that the jury could not reasonably differ as to the existence of a material fact or inference and that the movant is entitled to judgment as a matter of law. Kilburn v. Davenport, 286 So.2d 241 (Fla. 3d DCA 1973). Unless the evidence is such that under no view could a jury find in favor of the non-moving party, a verdict should not be directed. Atlantic Coast Line Railroad Co. v. Burquest, 101 So.2d 828 (Fla. 2d DCA 1958). We have applied these principles in a warranty case. See, e.g., Zabner v. Howard Johnson's, Inc., *1190 201 So.2d 824 (Fla. 4th DCA 1967). We apply them again here, and reverse for a new trial on Count II.
Next we turn our attention to the directed verdict on Count III. We assume for purposes of this discussion that at all pertinent times the remedies afforded by Section 320.697, Florida Statutes, were available to "any person suffering pecuniary loss because of a violation ..." of the applicable statutory sections.
Appellant alleges that Chrysler violated the statute, giving rise to treble damages and attorneys' fees, in two ways.
The first violation arises as a result of Chrysler's failure to comply with the requirements of the Magnuson-Moss Warranty Act, thus constituting an illegal act, which invokes the statutory remedy. The second violation is occasioned by the fact that Chrysler and its agent were unable to remedy the defects in the automobile so that representations that the automobile was well constructed and reliable were false, deceptive and misleading.
The trial court obviously determined that there was no violation of the Magnuson-Moss Warranty Act since it directed verdicts on both Counts II and III. As previously discussed, though, there was evidence of violation of the Act. The question, then, is whether this violation constituted an illegal act as contemplated by Section 320.64(4), Florida Statutes (1979). We view an illegal act as being one subject to criminal penalties. Violation of the Magnuson-Moss Warranty Act does not result in criminal penalties; rather the Act provides civil remedies. Thus, on this specific issue the directed verdict was not error.
However, in directing the verdict on Count III, the trial court also necessarily concluded that Chrysler's representation as to construction and reliability of the automobile were, as a matter of law, not false, deceptive or misleading or that if they were, plaintiff failed to demonstrate that she relied in any way on those representations.
Chrysler's brochure states:
For the first 12 months of use, any Chrysler Motors Corporation dealer will fix, without charge for parts or labor, any part of our 1976 passenger cars we supply (except tires) which proves defective in normal use, regardless of mileage.
There was evidence that plaintiff looked at a brochure containing these representations prior to purchasing the automobile in question.
The statements in the brochure when considered along with Chrysler's inability to remedy the defects in plaintiff's automobile could be determined to be, at the very least, misleading. Such a determination, though, is in the province of the jury as is the question of whether plaintiff, in buying her automobile, relied upon the representations.
Accordingly, the trial court erred in directing a verdict on the issue of Chrysler's representations in Count III.
It has previously been noted that appellant obtained a jury verdict for her damages which has been satisfied. Where one sues both a retailer and a manufacturer for identical damages under the same theory of recovery, a judgment against one precludes a similar judgment against the other. Billman v. Nova Products, Inc., 328 So.2d 244 (Fla. 1st DCA 1976) and Escambia Chemical Corporation v. Industrial-Marine Supply Co., 238 So.2d 684 (Fla. 1st DCA 1970). Since the directed verdict was entered prior to the jury verdict the trial court has not yet had an opportunity to consider and rule on the applicability of that principle to the facts of this case. Our instruction remanding this cause for a new trial is not to be interpreted as preempting the trial court from making such finding as may be appropriate on this issue whether or not such finding obviates the necessity for a new trial. Nor should our conclusion that some evidence is contained in the record of a violation of the Magnuson-Moss Warranty Act be construed as an attempt by us to invade the province of the trial court in whose sole discretion lies the question of attorneys' fees in these cases. 15 U.S.C. § 2310 *1191 (d)(2). We have absolutely no preconceived notions as to the appropriateness or inappropriateness of an award of attorneys' fees in this case.
We have carefully considered each of the additional points raised by the briefs and have determined as to each of them either that resolution of the issue is unnecessary to the result we have reached, or that the point is without merit. For the reasons we have previously stated we affirm the final judgment and disposition of post-trial motions with the exception that we reverse the directed verdict on Counts II and III and remand for such further proceedings, including trial if warranted, as may be appropriate to afford appellant her day in court on the allegations and theory of her complaint.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
LETTS, C.J., and GLICKSTEIN, J., concur.