Steven Wayne MERCER, Plaintiff,
v.
HONDA MOTOR COMPANY, LTD., a foreign corporation and American Honda Motor Company, Inc., a foreign corporation, Defendants.

No. 81–916–Civ–J–M.

United States District Court,
M.D. Florida,
Jacksonville Division.

Oct. 6, 1982.

Brent M. Turbow and Donald W. Matthews, Jacksonville, Fla., for plaintiff.

James R. Barfield, Jacksonville, Fla., for defendants.

OPINION AND ORDER

MELTON, District Judge.

This cause is before the Court on a motion for summary judgment filed by defendant Honda Motor Company, Ltd. (hereinafter Honda Motor). The Court has considered defendant's motion, plaintiff's response thereto, and heard argument of counsel for both parties.

Plaintiff brought this diversity action against Honda Motor and American Honda Motor Company (hereinafter American Honda) for damages based on injuries plaintiff sustained while operating a motorcycle manufactured, designed, and originally sold by defendants. The motorcycle was allegedly defective when manufactured and sold because it lacked a device to protect the operator's legs. To date, American Honda has not been served with process in this action.

Honda Motor asserts that res judicata bars the present suit because an identical cause of action was tried before a jury in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida, Case No. 79–14338–CA, Division C. The jury there returned a verdict in favor of the sole defendant in that case, American Honda. The Court entered a final judgment on the jury verdict on October 27, 1981. Although plaintiff initially appealed the final judgment, he subsequently dismissed that request for review pursuant to Fla.R.App.P. 9.350(b) on April 7, 1982. Plaintiff filed the present action on September 8, 1981. Plaintiff's present complaint is identical to its state court predecessor, except for the addition of Honda Motor and differences in the alleged jurisdictional amount.

■ The issue before the Court is whether the doctrine of res judicata bars the present action. In a diversity case, the court must look to state law to determine whether a state court judgment bars a subsequent federal diversity action. *Cleckner v. Republic Van and Storage Co.*, 556 F.2d

766, 768–69 (5th Cir.1977). *Accord Commercial Box & Lumber Co. v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir.1980). Under Florida law, the doctrine of res judicata "bars a second action between the same parties or their privies on the same issue decided below." *Rhyne v. Miami-Dade Water and Sewer Authority*, 402 So.2d 54, 55 (Fla.App.1981) (citations omitted). The parties agree that under Florida law four elements must be present for the doctrine of res judicata to apply: identity of the thing sued for; identity of the cause of action; identity of the persons and parties to the action; and identity of the quality and capacity of the person for or against whom the claim is made. *Seaboard Coast Line Railroad v. Industrial Contracting Co.*, 260 So.2d 860 (Fla.App.1972). The dispute between the parties centers on the third requirement. Plaintiff contends that Honda Motor and American Honda are different corporate entities and thus not the same party. Since Honda Motor was not a party in the state court case, plaintiff asserts that the doctrine of res judicata is inapplicable.

Defendant replies that the state trial judge's order established that American Honda was privy to Honda Motor and thus the same party for purposes of res judicata:

> Defendant, American Honda Motor Company, Inc., the wholly owned subsidiary of an exclusive American distributor for Honda Motor Company, Ltd., the foreign manufacturer of the motorcycle subject of this litigation, is deemed to be the manufacturer of the motorcycle in question and privy to and imputed with the knowledge of its parent, Honda Motor Company, Ltd.

Exhibit C to defendant's Answer and Affirmative Defense.

■ In *Astron Indus. Assoc. v. Chrysler Motors Corp.*, 405 F.2d 958 (5th Cir.1968), the Fifth Circuit held that a parent corporation could not sue a third party after the parent's wholly owned subsidiary stipulated to dismissal with prejudice in a suit involving the same third party and identical issues. For purposes of res judicata, this Court finds no significant distinction between the instant situation and *Astron*. Assuming a relationship of parent and

wholly owned subsidiary, it should not matter whether parent and subsidiary are plaintiffs or defendants in successive actions, as long as the claims and third party are the same.

Although the Court has found no Florida state cases concerning a subsidiary's relationship with its parent vis-a-vis the doctrine of res judicata, the Court relies on cases barring a plaintiff's second suit against a retailer or manufacturer when plaintiff has previously sued either party. In *Mlenak v. Roland Offsetmaschinfabrik Faber and Schleicher, A.G.*, 408 So.2d 619 (Fla.App.1981), the Court affirmed a summary judgment against the plaintiff based on principles of res judicata. In that case, plaintiff sued the manufacturer of a machine which allegedly caused plaintiff's injury. Defendant proved that plaintiff had previously litigated the identical claim against the retail seller of the machine. Although the *Mlenak* plaintiff's prior litigation was terminated by offer of judgment, acceptance, and satisfaction, that distinction makes no difference in applying the doctrine of res judicata.

In *Escambia Chemical Corp. v. Industrial-Marine Supply*, 238 So.2d 684 (Fla.App. 1970), the Court held that plaintiff-buyer could not relitigate an action for breach of duty against a retailer after obtaining a final judgment and satisfaction of judgment against the manufacturer of a defective valve. The Court emphasized that the "damages alleged as to each defendant were identical, . . . ." *Id.* at 686, and found controlling the following statement from Restatement of the Law, Judgments § 95 and the Comment on that section:

> The discharge or satisfaction of a judgment against one of several persons each of whom is liable for a tort, *breach of contract, or other breach of duty,* discharges each of the others from liability therefor.
>
> •    •    •    •    •
>
> The rule stated in this Section applies where one judgment has been obtained in an action against one of the persons liable for a breach of duty;

*Id.* (Emphasis added). *Accord Arenson v. Ford Motor Co.*, 254 So.2d 812, 813 (Fla.

App.1971) (plaintiff cannot sue and recover against automobile dealer for negligent installation of component part and later sue and recover against the manufacturer of part under allegation of negligent manufacture); *Gates v. Chrysler Corp.,* 397 So.2d 1187, 1190 (Fla.App.1981) ("[w]here one sues both a retailer and manufacturer for *identical damages* under the *same theory of recovery,* a judgment against one precludes a similar judgment against the other" (citations omitted) (emphasis added)). In the previous litigation of this case, the distributor was deemed to have manufactured the motorcycle. Consequently, in deciding that the motorcycle was not placed on the market with a defect, the jury essentially determined that neither the distributor nor the manufacturer breached any duty owed to plaintiff. Thus, it seems logical that plaintiff should be barred from relitigating the same alleged breach of duty whether he receives a favorable final judgment, as in *Escambia,* or suffers an adverse final judgment, as in plaintiff's state court cause.

Although Florida courts have not addressed the applicability of the doctrine of res judicata in the instant circumstances, other jurisdictions have considered the question. In *Raitport v. Commercial Banks Located Within This District As A Class,* 391 F.Supp. 584 (S.D.N.Y.1975), the court held that plaintiff could not avoid a prior adverse summary judgment against the subsidiary credit corporations "by merely suing the parent banks and embellishing on his theories." *Id.* at 587. In *Van Brode Milling Co. v. Kellogg Co.,* 113 F.Supp. 845, 847 (D.Del.1953), the court found that Kellogg Sales Company, the wholly owned subsidiary and exclusive sales agent of the Kellogg Company, was "sufficiently identified in interest with the parent that it represented the same legal rights." Accordingly, a previous state court judgment to which the parent had been a party was equally binding on the subsidiary. The court concluded that "there [was] sufficient identity of parties" for applicability of the doctrine of res judicata. *Id. See also Pan American Match v. Sears, Roebuck & Co.,* 454 F.2d 871, 874 (1st Cir.1972) (Sears Puer-

to Rico sufficiently identified with parent Sears Roebuck for purposes of res judicata).

On the basis of the above authorities, the Court determines that the doctrine of res judicata bars plaintiff's action and that defendant is entitled to summary judgment against plaintiff. Accordingly, it is

ADJUDGED:

1. That the motion for summary judgment filed by Honda Motor Company, Ltd., is granted.

2. That the Clerk of the Court is directed to enter summary final judgment in favor of defendant Honda Motor Company, Ltd., and against plaintiff Steven Wayne Mercer.